IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

GEOVERA SPECIALTY      *
INSURANCE COMPANY      *
     Plaintiff,      *
     *
v.      *    Civil Action No.
     *
MARIETTE D. JOACHIN AND      *
EBERT JOACHIN      *
     Defendants.      *

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GeoVera Speicalty Insurance Company ("GeoVera"), by and through its attorneys, files this Complaint for Declaratory Judgment, and states as follows:

### A.
### Parties

1.     GeoVera is an insurance company incorporated under the laws of the state of Delaware with its principal place of business in the State of California. It is licensed to do business in the State of Louisiana.

2.     Defendant, Mariette D. Joachin is a resident and domiciled in the State of Louisiana, who may be served with process at 2304 S. Parc Green Street, Harvey, Louisiana 70058.

3.     Defendant, Ebert Joachin is a resident and domiciled in the State of Louisiana, who may be served with process at 2304 S. Parc Green Street, Harvey, Louisiana 70058.

(Mariette D. Joachin and Ebert Joachin may collectively be referred to herein as "Defendants").

**B.**
**Jurisdiction and Venue**

4.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 and 1441, because complete diversity of citizenship exists between the parties and the amount in controversy is greater than the minimum jurisdictional amount.

5.     The Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves a federal question.  This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57.  It is also an action under the Due Process Clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment of the United States Constitution.  An actual and substantial controversy exists between the parties.

6.     Venue is proper in this United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Defendants reside in this District; and the property that is subject to the dispute between GeoVera and Defendants is located in this District.

**C.**
**Factual Background**

7.     Defendants reside at 2304 S. Parc Green Street, Harvey, Louisiana 70058, and have resided at this address since 2006, and at all pertinent times at issue.[1]

8.     On or about April 3, 2018, Defendants purchased property and a dwelling house located at 5809 Bienvenue Avenue, Marrero, Louisiana 70072-4703 ("Property") through a foreclosure sale for $55,500.00.[2]

---

[1] See Exhibit 1, Mariette Joachin EUO p. 10, lines 23-25; see Exhibit 2, Ebert Joachin EUO, p. 8, 10
[2] See Exhibit 1, Mariette Joachin EUO p. 14-15, 24, and Exhibit 1-2, Warranty Deed; see Exhibit 2, Ebert Joachin EUO, p. 15.

9. The dwelling had termite damage, missing sheetrock, and other damage that required repair before the dwelling was habitable.[3]

10. On May 9, 2018, approximately 36 days after purchasing the Property, a fire occurred causing substantial damage to the dwelling ("Incident").

11. On May 10, 2018, Defendants submitted a claim to GeoVera for the Incident under a homeowners insurance policy issued by GeoVera to Mariette D. Joachin and Ebert Joachin, policy GC80016049, in effect from April 11, 2018 to April 11, 2019 ("Policy").

12. Defendants have made a demand to GeoVera under the Policy for "the entirety of the Coverage A structural dwelling limit in the amount of $170,000.00".

13. Defendants have not incurred any additional living expenses as a result of the Incident.[4]

14. At the time of the fire, Defendants did not have any furniture, clothes or other personal property items at the Property.[5]

15. Upon receiving notice of the claim, GeoVera took the recorded statements of Ebert Joachin and Mariette Joachin, and began investigating the cause and extent of the fire loss.

16. Upon belief, the local police and fire department were also conducting an investigation of the fire.[6]

17. A policeman told Mariette Joachin that the prior owner of the Property may have been arrested for the fire.[7]

---

[3] See Exhibit 1, Mariette Joachin EUO p. 31; see Exhibit 2, Ebert Joachin EUO, p. 25
[4] See Exhibit 1, Mariette Joachin EUO, p. 57-58; see Exhibit 2, Ebert Joachin EUO, p. 66
[5] See Exhibit 1, Mariette Joachin EUO p. 58-59; see Exhibit 2, Ebert Joachin EUO, p. 66
[6] See Exhibit 1, Mariette Joachin EUO, p. 49-50; see Exhibit 2, Ebert Joachin EUO, p. 35-36.
[7] See Exhibit 1, Mariette Joachin EUO, p. 56; see Exhibit 2, Ebert Joachin EUO, p. 33

18.     During its investigation, GeoVera requested the Examinations Under Oath of Mariette and Ebert Joachin ("EUOs"), which was taken on July 12, 2018 at the request of Defendants.  GeoVera also requested certain documents and photographs related to the Incident, including but not limited to:  "1. The item numbers assigned to the investigations of your loss by the fire department, the police department, and/or any other investigating agency; and 2. Any documents you have received from the fire department, the police department, and/or any other investigating agency".[8]

19.     On or about June 20, 2018, Defendants provided GeoVera with documents that indicated the Jefferson Parish Bureau of Administration Adjudication issued an Emergency Demolition Order to demolish all structures on the Property, and that the demolition was performed on June 6, 2018.

20.     During their EUOs, Defendants stated that they did not reside at the Property. They purchased the Property with the intent to fix the Property and move into it[9]; but they could not live in the house until repairs were made.[10]

21.     Mrs. Joachin stated the following work needed to be done at the Property:

Q:     What work were you planning to do before you moved in?

A:     Like I said before, fix, you know, the missing sheetrock and treat the termites and replace the boards and the Sheetrock.

Q:     Were you planning on doing any renovation or work to the kitchen or bathroom?

A:     Yes. Like to buy a new stove and buy a new set of kitchen - - cabinets.  . . . Appliances.[11]

---

[8] See Exhibit 1, Mariette Joachin EUO Exhibit 12, June 18, 2018 Correspondence.
[9] See Exhibit 1, Mariette Joachin EUO p. 24.
[10] See Exhibit 1, Mariette Joachin EUO p. 31.
[11] See Exhibit 1, Mariette Joachin EUO p. 24-25; see also, Exhibit 2, Ebert Joachin EUO, p. 16.

22.     Defendants also planned to do renovation work to the Property, such as change the tile flooring in the house, convert the room in the back of the house to a master bedroom, and add a bathroom to the second story.[12]

23.     Defendants have never received mail at the Property.[13]

24.     Sometime after purchasing the property, Defendants connected electricity to the Property; but, they did not connect water, gas or any other utilities.[14]

25.     On the day of the fire, May 9, 2018, Ebert Joachin was working at the Property with a worker.  Mariette Joachin was also at the Property that day for about 30 minutes to see the work. On that date, they were framing the back of the house, and were "halfway to finish." Everyone left the property around 6pm on May 9, 2018.[15]

26.     Defendants did not learn of the fire until the next day, on May 10, 2018.[16]

27.     As of the date of the EUOs, Defendants did not know the status of the fire department investigation.[17]

28.     GeoVera subsequently learned the fire department classified the fire as "accidental" "from overloaded wiring overheating an igniting nearby combustibles".

29.     However, Ebert Joachin testified that he would turn the electricity off at the breaker box every day before leaving the property.[18]

30.     As of the time of this filing, Defendants have not provided GeoVera with any information on the status of the police department investigation.

---

[12] See Exhibit 1, Mariette Joachin EUO p. 34-36; see Exhibit 2, Ebert Joachin EUO, p. 20, 64-65.
[13] See Exhibit 1, Mariette Joachin EUO p. 11, lines 1-2; see Exhibit 2, Ebert Joachin EUO, p. 10.
[14] See Exhibit 1, Mariette Joachin EUO p. 43; see Exhibit 2, Ebert Joachin EUO, p. 27.
[15] See Exhibit 2, Ebert Joachin EUO, p. 28-30; see Exhibit 1, Mariette Joachin EUO p. 47-48.
[16] See Exhibit 1, Mariette Joachin EUO p. 47; see Exhibit 2, Ebert Joachin EUO, p. 38-40.
[17] See Exhibit 1, Mariette Joachin EUO, p. 50, 52; see Exhibit 2, Ebert Joachin EUO, p. 35-36.
[18] See Exhibit 2, Ebert Joachin EUO, p. 34-35.

31.     GeoVera does not have any information on the status of the police department investigation.

**Insurance Application and Policy**

32.     On or about April 11, 2018, defendant Mariette Joachin signed and submitted an application for homeowners insurance for the Property through defendants' agent, Bowles & Associates, Inc.[19]

33.     The application states the building use is "primary" and to be occupied by "owner only".[20]

34.     The Application provides the following responses to certain Underwriting Questions:

**Has application, co-applicant, spouse or domestic partner had or been involved in a foreclosure, repossession, or bankruptcy during the past 5 years?**                         **No.**

**Does the dwelling have any unrepaired or unmitigated damage?**        **No.**

**Is the property condemned or without public utility service?**        **No.**

**Is the dwelling under course of construction, renovation or reconstruction?**                         **No.**[21]

35.     The Application includes the following statement directly above the signature line: "Applicant's statement: I have read the above application and any attachments and declare that the information is true and complete.  This information is being offered as an inducement to issue the policy for which I am applying."[22]

---

[19] See Exhibit 3, Application, attached and incorporated by reference for all purposes; *See also*, Exhibit 1, Mariette Joachin EUO, p. 70-71 and Exhibit 9, Application.
[20] See Exhibit 3, Application.
[21] See Exhibit 3, Application, p. 2
[22] See Exhibit 3, Application, p. 3.

36.    Mrs. Joachin read the Application before signing and submitting it.[23]

37.    Mrs. Joachin understood that the insurance company relied on the contents of the Application to determine if she qualified for insurance.[24]

38.    In reliance on the representations made in the application, GeoVera issued a homeowners insurance policy to Mariette Joachin and Ebert Joachin, policy GC80016049, in effect from April 11, 2018 to April 11, 2019, for the property located at 5809 Bienvenue Ave, Marrero, La 70072-4703 ("Policy"), subject to the terms and conditions contained in the Policy.

39.    The Policy, as amended, states in pertinent part:

### HOMEOWNERS 3 – SPECIAL FORM

**AGREEMENT**
We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.[25]

**DEFINITIONS**
* * * *
11. "Residence Premises" means:
a.   The one-family dwelling where you reside;
b.   The two-family dwelling where you reside in at least one of the family units; or
c.   That party of any other building where you reside;
on the inception date of the policy period shown in the Declarations and which is shown as the "residence premises" in the Declarations.
"Residence premises" also includes other structures and grounds at that location.
"Residence premises" does not include mobile homes, and/or prefabricated homes, whether or not they are permanently affixed to a foundation.[26]

* * * *

**SECTION I – PROPERTY COVERAGES**
**A. Coverage A – Dwelling**
1. We cover:

---

[23] See Exhibit 1, Mariette Joachin EUO, p. 71; see Exhibit 2, Ebert Joachin EUO, p. 47.
[24] See Exhibit 1, Mariette Joachin EUO, p. 74.
[25] See Policy, Form HO 00 03 05 11, p. 1
[26] See Policy, Form US 04 47 (07-17), p. 1.

a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling;. . .[27]

\* \* \* \*

## SECTION I – PERILS INSURED AGAINST
### A.   Coverage – A Dwelling and Coverage B – Other Structures
1. We insure against direct physical loss to property described in Coverages A and B.
2. We do not insure, however, for loss: . . .
a. Excluded under Section I – Exclusions; . . .
c. Caused by:. . .
(4) Vandalism and malicious mischief, if the dwelling has been "vacant" or "unoccupied" for more than 30 consecutive days immediately before the loss.   A dwelling being constructed is not considered "vacant" or "unoccupied."[28]

\* \* \* \*

## SECTION I – EXCLUSIONS
A. We do not insure for loss caused directly or indirectly by any of the following. . .
### 1. Ordinance Or Law
Ordinance Or Law means any ordinance or law:
a. Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion A.1.a. does not apply to the amount of coverage that may be provided for in E.11. Ordinance Or Law under Section I – Property Coverages;. . .[29]

\* \* \* \*

### 9. Government Action
Government Action means the destruction, confiscation or seizure of property described in Coverage A, B or C by order of any governmental or public authority. . .[30]

\* \* \* \*

### 12. "Criminal Acts" or Illegal Activity
"Criminal acts" or illegal activity means any and all criminal or illegal acts performed by any "insured" that result in damage to your structure or personal property.[31]
### 13. Existing Damage
Existing damage means:

---

[27] See Policy, Form HO 00 03 05 11, p. 3.
[28] See Policy, Form US 04 47 (07-17), p. 3.
[29] See Policy, Form HO 00 03 05 11, p. 12.
[30] See Policy, Form HO 00 03 05 11, p. 13.
[31] See Policy, Form US 04 47 (07-17), p. 4.

a. Damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or
b. claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.
This Exclusion A.13. does not apply in the event of a total loss caused by a Peril Insured Against.[32]

\* \* \* \*

**SECTION I – CONDITIONS**

\* \* \* \*

**R. Concealment or Fraud**
1.  With respect to loss caused by fire, we do not provide coverage to the "insured" who, whether before or after the loss, has:
    a.  Intentionally concealed or misrepresented any material fact or circumstance;
    b.  Engaged in fraudulent conduct; or
    c.  Made false statements;
        relating to this insurance. . . .

3.  However, if the conduct specified above is in relation to the procurement of the contract or occurs subsequent to the issuance of the contract, but if known to us would have caused us not to issue the policy, coverage will only be denied if the conduct was committed with the intent to deceive.[33]

\* \* \* \*

**COUNT I**
**Cause of Action for Declaratory Relief  - "Residence Premises"**

40.    GeoVera restates and re-asserts the allegations set forth in paragraphs 1-39, as though fully set forth here.

41.    The Policy provides coverage under Coverage A – Dwelling for "the dwelling on the "residence premises" shown in the Declarations, and defines "residence premises" to mean, in part, "the one-family dwelling where you reside. . . on the inception date of the policy period".

42.    During their EUOs, Defendants testified that on the inception date of the policy period, they resided at 2304 S. Parc Green Street, Harvey, Louisiana 70058, and further, they

---

[32] See Policy, Form US 04 47 (07-17), p. 5.
[33] See Policy, Form US 04 47 (07-17), p. 9.

have never resided at 5809 Bienvenue Avenue, Marrero, Louisiana.

43.    Accordingly, the property located at 5809 Bienvenue Avenue, Marrero, Louisiana does not qualify as a "residence premises", and the Policy affords no coverage for the Property under Coverage A- Dwelling.

44.    GeoVera seeks a declaration that the Property does not qualify as a "residence premises", and that GeoVera owes no duty to indemnify Defendants for any loss arising out of the Incident under the Policy's Coverage A – Dwelling.

**COUNT II**
**Cause of Action for Declaratory Relief  - "Misrepresentations"**

45.    GeoVera restates and re-asserts the allegations set forth in paragraphs 1-44, as though fully set forth here.

46.    On April 11, 2018, Defendants submitted an Application for homeowners insurance to insure the Property.

47.    In the Application, Defendants made certain representations, upon which GeoVera relied, before it issued the Policy.

48.    Defendants read the Application before signing and submitting it.

49.    Defendants provided inaccurate information and misrepresented facts in the Application, with full knowledge the information was false.

50.    The Application states the building use is "primary" and to be occupied by "owner only".

51.    This information was false as Defendants subsequently admitted that their primary residence was 2405 S. Parc Green, and they have never resided at the Property.

52.    The Application included the following question and response:

**Has application, co-applicant, spouse or domestic partner had or been involved in a foreclosure, repossession, or bankruptcy during the past 5 years?**                               **No.**

53.     Defendants' response to the question about foreclosures was knowingly false as Defendants subsequently acknowledged there was a Petition for Mortgage Foreclosure filed against them on February 27, 2017.[34]

54.     The Application included the following question and response:

**Does the dwelling have any unrepaired or unmitigated damage?**          **No.**

55.     Defendants' response to the question about unrepaired or unmitigated damage was knowingly false as Defendants subsequently acknowledged the Property had termite and other damage when they purchased the Property on or about April 3, 3018, and they were still making repairs as of May 9, 2018, the date of the fire.

56.     The Application included the following question and response:

**Is the property condemned or without public utility service?**               **No.**

57.     Defendants' response to the question about whether the property was condemned or without public utility service was knowingly false as Defendants subsequently testified the Property did not have gas or water utility service at the time the Application was submitted.

58.     The Application included the following question and response:

**Is the dwelling under course of construction, renovation or reconstruction?**                                        **No.**

59.     Defendants' response to the question about whether the dwelling was under construction, renovation or reconstruction was knowingly false as Defendants subsequently testified the Property was being repaired and/or renovated before they could move in.

_____

[34] See Exhibit 2, Mariette Joachin EUO, Exhibit 10; see Exhibit 2, Ebert Joachin EUO, p. 54-55

60.     Defendants knew the importance of providing accurate information in the Application so that GeoVera could determine if Defendants and the Property qualified for the type of coverage provided by the Policy.

61.     Defendants provided the inaccurate information and/or misrepresentations in the Application with an intent to deceive GeoVera about the quality of the Property and the risks of insuring the Property.

62.     After the submission of the claim, GeoVera became aware of material misrepresentations made by Defendants in the Application.

63.     GeoVera would not have issued the Policy if Defendants had provided accurate information about themselves and/or the Property in the Application.

64.     GeoVera avers that the Policy should be voided and rescinded based on the Policy's Concealment or Fraud provision and/or La. R.S. §22:860 on the basis that material omissions of fact and misrepresentations were made in the Application with the intent to deceive.

65.     GeoVera seeks a declaration pursuant to the Policy and Louisiana law that the Policy does not afford coverage for the Incident because of Defendants' material misrepresentations in the Application.

**COUNT III**
**Cause of Action for Declaratory Relief - "Vandalism and Mischief"**

66.     GeoVera restates and re-asserts the allegations set forth in paragraphs 1-65, as though fully set forth here.

67.     The Vandalism and Mischief exclusion in the GeoVera Policy, as amended, states:

> We do not insure, however, for loss:. . .
> c. Caused by:. . .

(4) Vandalism and malicious mischief, if the dwelling has been "vacant" or "unoccupied" for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered "vacant" or "unoccupied".

"Unoccupied" means the dwelling is not being inhabited as residence.

"Vacant" means the dwelling lacks the necessary amenities, adequate furnishings, utilities and services to permit occupancy of the dwelling as a residence.

68.     Defendants testified that the dwelling was "unoccupied" as is was not being inhabited as a residence.

69.     Defendants testified the dwelling was "vacant" as it was not habitable until repairs were made, and it lacked water and gas service, and kitchen appliances other than a stove.

70.     Defendants testified the dwelling was "unoccupied" and "vacant" from April 3, 2018 to May 9, 2018, which is more than 30 consecutive days immediately before the loss.

71.     Defendants further advised a policeman stated the prior owner of the Property was arrested for the fire.

72.     GeoVera seeks a declaration pursuant to the Policy that the Policy does not afford coverage for the Incident if it is discovered that the fire was caused by vandalism and malicious mischief.

## COUNT IV
## Cause of Action for Declaratory Relief  - "Vacancy Exclusion"

73.     GeoVera restates and re-asserts the allegations set forth in paragraphs 1-72, as though fully set forth here.

74.     Under Louisiana law, an insurer is not liable for a loss "[w]hile a described building, whether intended for occupancy by owner or tenant, is vacant, or unoccupied beyond a period of sixty consecutive days." La. R.S. § 22:1311(F).

75.     Upon belief, the Property was vacant and unoccupied beyond a period of sixty consecutive days as the Property was subject to a foreclosure sale, and public records indicate a mortgage company, the prior Property owner, obtained legal title to the Property more than 60 days prior to the loss. *See* 6/27/17 Sheriff Deed at Jefferson Parish, Instr. 11724903, Conveyance Book 3390, 444; Deed Book 72, page 39.

76.     GeoVera seeks a declaration that under Louisiana law the Policy does not afford coverage for the Incident if it is discovered that the Property was vacant or unoccupied beyond a period of sixty days.

**COUNT V**
**Cause of Action for Declaratory Relief - "Increased Hazard"**

77.     GeoVera restates and re-asserts the allegations set forth in paragraphs 1-76, as though fully set forth here.

78.     Under Louisiana law, an insurer is not liable for loss occurring "while the hazard is increased by any means within the control or knowledge of the insured".  *See* La R.S. §22:1311(F), Condition (a); *see also*, La. R.S. 22:1314 (A).

79.     Here, the Property was damaged by fire while the Property was vacant and unoccupied.

80.     Defendants admit they did not reside at the Property at the time of the fire, and did not learn of the fire until the next day.

81.     The risks of insuring a dwelling is increased when the dwelling is vacant and unoccupied.

82.     Additionally, upon belief, the extent of damage caused by the fire was increased because the dwelling was vacant and unoccupied.

83.   Defendants had control and knowledge the dwelling was vacant and unoccupied.

84.   "The principle that vacancy of a dwelling constitutes an increase of the hazard by fire has been recognized and accepted judicially both by the State courts and by this court." *Niagara Fire Ins. Co. v. Everett,* 292 F.2d 100, 104 (5th Cir. 1961) *citing Terwilliger v. Union Fire, Accident & General Ins. Co.,* 185 So. 43 (La. App. (Orleans) 1938); *Kugler v. Philadelphia Fire & Marine Ins. Co.*, D.C., 105 F.Supp. 158 (E.D.La. 1952).

85.   GeoVera seeks a declaration that under Louisiana law the Policy does not afford coverage for the Incident because the hazard was increased by means within the control and knowledge of the insured.

### Reservation of Rights

86.   GeoVera attaches a copy of the Policy hereto, and specifically pleads the terms of the Policy as if copied herein in full and places all parties on notice of all the terms, conditions, provisions, limitations, exclusions and coverage of the Policy.

87.   GeoVera further reserve its rights to raise any and all defenses under the Policy or applicable law until the precise nature of the claim is ascertained through its continuing investigation of Defendants' claim.

### PRAYER FOR DECLARATORY RELIEF

WHEREFORE, GeoVera Specialty Insurance Company requests that Mariette D. Joachin and Ebert Joachin be cited to appear and answer, and that on final trial, GeoVera Specialty Insurance Company receive the following:

1.   A declaration that the Property does not qualify as a "residence premises", and that GeoVera owes no duty to indemnify Defendants for any loss arising out of the Incident under the Policy's Coverage A – Dwelling;

2.  A declaration that the Policy does not afford coverage for the Incident because of Defendants' material misrepresentations in the Application, which were made with an intent to deceive GeoVera;

3.  A declaration that the Policy does not afford coverage for the Incident because the Property was "vacant" and "unoccupied" for a period of 30 days if it is discovered that the fire was caused by vandalism or malicious mischief;

4.  A declaration that the Policy does not afford coverage for the Incident if it is discovered that the Property was vacant or unoccupied beyond a period of sixty days;

5.  A declaration that the Policy does not afford coverage for the Incident because the hazard was increased by means within the control and knowledge of the insured;

6.  Grant GeoVera Specialty Insurance Company its reasonable attorneys' fees and costs incurred in bringing this declaratory judgment action; and

7.  Grant GeoVera Specialty Insurance Company such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Shaundra M. Schudmak*

**Seth A. Schmeeckle, La. Bar No. 27076**
**Shaundra M. Schudmak, La. Bar No. 32007**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email:  sschmeeckle@lawla.com
         sschudmak@lawla.com

**Attorneys for GeoVera Specialty Insurance Company**