UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GEOVERA SPECIALTY INSURANCE COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7577 |
| MARIETTE JOACHIN, et al. | SECTION: "G"(5) |

## ORDER AND REASONS

Before the Court is Third-Party Defendant Bowles & Associates, Inc's. ("Bowles") "Rule 12(b)(6) Motion to Dismiss."[1] In this litigation, Plaintiff GeoVera Specialty Insurance Company ("GeoVera") alleges that Defendants Ebert Joachin and Mariette Joachin (the "Joachins") falsified their insurance application and filed a fraudulent insurance claim.[2] The Joachins filed a Third-Party Complaint against Bowles, their insurance broker, contending that Bowles was negligent in procuring the insurance policy and should indemnify the Joachins in the event that GeoVera refuses to provide coverage.[3] Bowles filed the instant motion, arguing that the Joachins' third-party claims should be dismissed because they fail to state a claim upon which relief can be granted.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion and grant the Joachins leave to amend the Third-Party Complaint.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] Rec. Doc. 11 at 1.

1

## I. Background

*A.	Factual Background*

    **1.	GeoVera's Claims**

In the Complaint, GeoVera alleges that the Joachins filed fraudulent claims under a homeowner insurance policy.[5] According to GeoVera, on April 3, 2018, the Joachins purchased a home at 5809 Bienvenue Avenue (the "Property") for $55,000.00.[6] GeoVera then alleges that on April 11, 2018, the Joachins purchased from GeoVera a homeowner's insurance policy that was effective April 11, 2018 until April 11, 2019.[7] GeoVera asserts that "[t]he dwelling had termite damage, missing sheetrock, and other damage" that the Joachins failed to disclose on their insurance application.[8] GeoVera contends that on May 9, 2018, a fire caused substantial damage to the Property, and on May 10, 2018, the Joachins filed an insurance claim for $170,000.00 under the GeoVera policy.[9] On June 6, 2018, the Property was allegedly demolished by an order of the Jefferson Parish regulatory department.[10]

GeoVera avers that after the fire, it began an investigation regarding the claim and requested that the Joachins submit to an Examination Under Oath ("EUO") on July 12, 2018.[11] GeoVera alleges that during the EUO, it learned that numerous repairs were being made to the property at the time of fire, the Joachins had not yet moved into the property, and the Joachins

---

[5] Rec. Doc. 1.

[6] *Id.* at 2.

[7] *Id.* at 2–3.

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 3–4.

had connected the electricity at the Property but no other utilities.[12] GeoVera also contends that the fire department investigation determined that the fire was accidental, but the results of the police investigation are still unknown, and the Joachins stated during the EUO that the prior owner of the Property had been arrested for the fire.[13]

GeoVera seeks declaratory judgment on the following: (1) the Property does not qualify as "residence premises" under the Policy because the Joachins never resided at the property; (2) the Joachins engaged in "misrepresentations" which voided the Policy when they indicated on their application that they had not been subject to foreclosure, that the Property did not have unrepaired damage, that the Property had public utilities in service, and that the Property was not under renovation; (3) the Policy does not cover "vandalism and mischief" if the Court finds that the Property was vacant and the prior owner started the fire; (4) the Property is subject to a "vacancy exclusion" under Louisiana law if it was vacant more than sixty days; and (5) the Joachins created an "increased hazard" of fire by leaving the property vacant.[14] Based on these findings, GeoVera urges the Court to declare that the Policy does not afford coverage for the Joachins.

2.  **The Joachins' Counterclaims**

In the Counterclaim, the Joachins allege that during the EUO, "there was an obvious language barrier due to the policyholders being of Haitian origin and speaking French Creole."[15] The Joachins assert that GeoVera conducted the EUO "without any type of interpreter present,"

---

[12] *Id.* at 3–5.

[13] *Id.* at 5.

[14] *Id.* at 9–15.

[15] Rec. Doc. 5 at 17.

and received "ill-obtained" answers.[16] Specifically, the Joachins contend that during the EUO, they emphasized that they planned for the Property to be their home, tried to clarify for GeoVera that the repairs on the home were not renovations, and mistakenly interpreted questions about foreclosure as asking whether they had been evicted from a property and not whether a foreclosure action had been filed against them.[17] Therefore, the Joachins argue that GeoVera engaged in bad faith conduct when the Joachins' attorney was not allowed to object to questioning during the EUO and GeoVera utilized the "ill-obtained" responses in refusing to pay the Joachins under the Policy.[18] The Joachins seek damages for breach of contract, negligence in insurance adjusting, and bad faith treatment under Louisiana Revised Statutes 22:1892 and 22:1973.[19]

### 3. The Joachins' Third-Party Complaint

In the Third-Party Complaint, the Joachins assert that they enlisted the services of Bowles to assist them in procuring homeowner's insurance, and Bowles is responsible for any deficiencies in the Joachins' insurance application.[20] According to their Complaint, the Joachins provided Bowles with honest information regarding their plans for the Property and Bowles completed all necessary forms using this information.[21] The Joachins allege that Bowles promised them that if they signed the forms, they would have an insurance policy, and because of their limited communication skills, the Joachins fully relied on Bowles' representations.[22] The

---

[16] *Id.* at 17–18.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 17–19.

[20] *Id.* at 21.

[21] *Id.*

[22] *Id.*

Joachins now assert that if the Joachins are found to have misrepresented facts in their application and are denied insurance coverage because of these misrepresentations, Bowles should be held liable.[23] Therefore, in the event that they are found liable, the Joachins seek indemnification from Bowles and additional damages for negligence, breach of contract, detrimental reliance, and failure to use reasonable diligence.[24]

B.     *Procedural Background*

On August 10, 2018, GeoVera filed a Complaint against the Joachins.[25] On September 5, 2018, the Joachins filed an answer, counterclaims against GeoVera, and a Third-Party Complaint against Bowles.[26] On November 5, 2018, Bowles filed the instant Motion to Dismiss the Third-Party Complaint.[27] On November 27, 2018, the Joachins filed an opposition to the motion.[28] With leave of Court, Bowles filed a reply on December 3, 2018.[29]

## II. Parties' Arguments

A.     *Bowles' Arguments in Support of the Motion to Dismiss*

In the instant motion, Bowles urges the Court to dismiss the Joachins' third-party claims because the Joachins fail to state a claim for breach of contract, negligence, detrimental reliance, or failure to use reasonable diligence.[30] First, Bowles contends that the Joachins fail to state a

---

[23] *Id.* at 22.

[24] *Id.*

[25] Rec. Doc. 1.

[26] Rec. Doc. 5.

[27] Rec. Doc. 14.

[28] Rec. Doc. 21.

[29] Rec. Doc. 25.

[30] Rec. Doc. 14-1 at 2–3.

5

claim for negligence because "the Joachins have not identified any duties that were allegedly breached."[31] Specifically, Bowles claims that the Joachins do not allege that their insurance application contained misrepresentations nor that Bowles personally made any misrepresentations.[32] Bowles insists that in the EUO, the Joachins confirmed that they thoroughly reviewed the insurance application with one of Bowles' agents and verified that all of their responses were accurate.[33] According to Bowles, where the Joachins fail to identify any breach of a duty, they fail to state a claim for negligence.[34]

Next, Bowles argues that the Joachins cannot state a claim for breach of contract because they do not plead facts detailing that they entered into a contract with Bowles, the terms of the contract, or the provision of the contact that Bowles allegedly breached.[35] Bowles insists that without an allegation that Bowles undertook an obligation to perform on behalf of the Joachins, the Joachins cannot assert that any contract was breached.[36] Similarly, Bowles avers that the Joachins do not plead any of the elements of a detrimental reliance claim because "they have not identified any representations of Bowles, have not identified how they allegedly relied on any such representations, and have not identified a change in position."[37] Thus, Bowles argues that the detrimental reliance claim fails.[38]

---

[31] *Id.* at 4.

[32] *Id.* at 5.

[33] *Id.* at 5–6.

[34] *Id.* at 6.

[35] *Id.* at 7–8.

[36] *Id.* at 8.

[37] *Id.* at 9.

[38] *Id.*

6

Finally, Bowles contends that the Joachins do not plead a cognizable claim for failing to use reasonable diligence in procuring the insurance.[39] Though Bowles admits that the Joachins plead the first element of undertaking the task of procuring insurance, Bowles insists that the Joachins do not prove the second element—that Bowles failed to acquire the requested insurance.[40] On the contrary, Bowles presents statements from the Joachins' Third-Party Complaint wherein the Joachins "allege that the Geovera policy 'provided coverages for the incidents and damages' made the basis of this lawsuit."[41] Bowles then cites Fifth Circuit and Louisiana law for the proposition that where an agent procures the requested insurance, it is the duty of the insured to assess whether the policy actually meets their needs.[42] Bowles contends that the agent cannot be held responsible if the insured did not adequately determine the coverage they needed or read the policy terms.[43] Thus, Bowles argues that the Joachins fail to state a claim for lack of reasonable diligence.[44]

Because Bowles avers that the Joachins do not plead facts to support a claim for negligence, breach of contract, detrimental reliance, or lack of diligence, Bowles requests that the Court dismiss all of the Joachins' third-party claims.[45]

### B. *The Joachins' Arguments in Opposition to the Motion to Dismiss*

In opposition, the Joachins argue that the Court should deny Bowles' motion to dismiss

---

[39] *Id.* at 9.

[40] *Id.* at 10.

[41] *Id.* (citing Rec. Doc. 5 at 16).

[42] *Id.* at 10–11.

[43] *Id.* at 11.

[44] *Id.*

[45] *Id.*

because, if converted into a motion for summary judgment, the motion is premature because additional discovery is required.[46] The Joachins assert that under Federal Rule of Civil Procedure 12(d), "[t]he Court is granted discretion to convert the motion to dismiss to a motion for summary judgment," and "if extrinsic material is not excluded by the Court," this conversion is required.[47] The Joachins allege that in the motion, Bowles relies on statements in GeoVera's complaint and transcripts of the EUO that are outside the pleadings.[48] The Joachins thus argue that the Court must convert Bowles' motion into a motion for summary judgment if it decides to consider the extrinsic evidence.[49]

In the event that the motion is converted into one for summary judgment, the Joachins offer an affidavit of their expert, Jim Leatzow ("Mr. Leatzow"), a former insurance underwriter and insurance executive.[50] In the affidavit, Mr. Leatzow states that GeoVera and Bowles have, at the time of his affidavit, withheld key documents detailing GeoVera's relationship with Bowles and the responsibilities each entity shares in the customer acquisition process.[51] Mr. Leatzow also states that based on items currently in the record, it is his expert opinion that GeoVera and Bowles have engaged in conduct that falls below industry standards.[52] Based on these statements, the Joachins argue that further discovery is needed to support their counterclaim allegations and the

---

[46] Rec. Doc. 21 at 4.

[47] *Id.* at 5.

[48] *Id.* at 7–8.

[49] *Id.* at 12.

[50] *Id.* at 8–10.

[51] *Id.*

[52] *Id.* at 11.

8

Court should deny the motion until discovery is completed.[53]

Alternatively, if the Court proceeds in considering the motion under 12(b)(6), the Joachins contend that their Third-Party Complaint properly pleads all four claims against Bowles.[54] The Joachins assert that when they met with Bowles' agent, they provided candid details about the Property, their intentions of moving in at a later date, and the ongoing repairs.[55] They insist that they detailed the type of coverage they were seeking.[56] According to the Joachins, the agent completed the application for them using these details and "simply told the Joachins to sign the application."[57] In doing so, the Joachins argue that Bowles had a duty to provide them with the correct insurance sought.[58] The Joachins go further to assert that "[a]n insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client."[59]

The Joachins assert that in signing the application, they relied on the agent's honesty and accuracy in representing the Joachins situation and the policy's coverage.[60] The Joachins contend that if there was a defect with their application and the Policy accordingly does not apply, Bowles

---

[53] *Id.* at 12–13.

[54] *Id.* at 13.

[55] *Id.* at 6.

[56] *Id.* at 11.

[57] *Id.* at 6.

[58] *Id.* at 11.

[59] *Id.* (citing *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 229 (5th Cir. 1990)).

[60] *Id.*

breached its duty by negligently or intentionally filling out the application improperly.[61] Therefore, the Joachins argue that they fully plead claims for failure to exercise reasonable diligence, detrimental reliance, negligence, and breach of contract, and Bowles' motion should be denied.[62]

### C. *Bowles' Arguments in Further Support of the Motion to Dismiss*

In reply, Bowles argues that the motion should not be converted into a motion for summary judgment because Bowles did not attach any extrinsic documents to its motion.[63] Bowles asserts that its motion only relies on allegations in GeoVera's complaint, and GeoVera's complaint may be considered by the Court because it was both referenced in the Joachins' Third-Party Complaint and attached to the Third-Party Complaint.[64] Contrarily, Bowles insists that Mr. Leatzow's affidavit is not referenced in the Third-Party Complaint and should not be considered by this Court.[65] If considered, however, Bowles contends that Mr. Leatzow's affidavit only contains conclusory allegations and does not offer any facts to support the Joachins' claims.[66]

Bowles asserts that under a 12(b)(6) standard, the Joachins fail to properly plead any of their asserted claims.[67] Bowles contends that the Joachins do not include in their complaint any duties that Bowles allegedly breached, and the Joachins "do not articulate exactly how the application process was negligently handled, nor do they identify with the requisite specificity

---

[61] *Id.* at 14.

[62] *Id.*

[63] Rec. Doc. 25 at 3.

[64] *Id.* at 3–4.

[65] *Id.* at 1–2.

[66] *Id.* at 5.

[67] *Id.* at 7.

the alleged incorrect information that was negligently conveyed."[68] Bowles thus insists that a policy was procured and "Bowles satisfied its sole duty in using reasonable diligence to procure the policy."[69] Bowles contests the proposition that Bowles owed a greater duty because of a relationship; Bowles avers that special relationships are only formed when procuring insurance for a specific industry.[70] Because Bowles argues that the Joachins fail to plead any of their asserted claims, Bowles urges the Court to grant the motion to dismiss.[71]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[72] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[73] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[74] "Factual allegations must be enough to raise a right to relief above the speculative level."[75] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[76]

---

[68] *Id.*

[69] *Id.* at 8.

[70] *Id.* at 8–9.

[71] *Id.* at 9.

[72] Fed. R. Civ. P. 12(b)(6).

[73] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[74] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[75] *Twombly*, 550 U.S. at 556.

[76] *Id.* at 570.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[77] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[78] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[79] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[80] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[81] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[82] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[83] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[84]

---

[77] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[78] *Iqbal*, 556 U.S. at 677–78.

[79] *Id.* at 679.

[80] *Id.* at 678.

[81] *Id.*

[82] *Id.*

[83] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[84] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

In the instant motion, Bowles urges the Court to dismiss the Joachins' third-party claims because the Joachins fail to state a claim for breach of contract, negligence, detrimental reliance, or failure to use reasonable diligence.[85] In opposition, the Joachins argue that Bowles relies on extrinsic evidence to support its motion, so the Court should convert the motion into a motion summary judgment and deny that motion as premature.[86] The Joachins also argue that they clearly plead facts in support of all their claims.[87] The Court will address each argument in turn.

### A. *Consideration of the Policy and EUO Transcripts*

The Fifth Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[88] Here, the Joachins contest Bowles' reference to GeoVera's complaint and the EUO transcripts, but these documents are referenced by the Joachins in their Third-Party Complaint.[89] GeoVera's complaint and the EUO transcripts are central to the Joachins' claims because the Joachins rely on these documents to allege that Bowles acted in a manner that caused GeoVera to investigate, and subsequently deny, their claim. Thus, the Court may consider GeoVera's complaint and the EUO transcripts as part of the motion to dismiss. However, for the reasons that follow, it is unnecessary to consider these documents in deciding this motion. Therefore, the Court will not consider these documents in deciding the instant motion to dismiss.

---

[85] Rec. Doc. 14-1 at 2–3.

[86] Rec. Doc. 20 at 10–11.

[87] *Id.* at 11–13.

[88] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

[89] Rec. Doc. 5 at 17.

The Joachins argue that if the Court considers these documents, it should also consider Mr. Leatzow's affidavit, but this affidavit was neither attached to nor referenced in the Joachins Third-Party Complaint.[90] Accordingly, the Court will not consider this affidavit in deciding the motion.

### B.     *Whether the Joachins State a Claim for Negligence*

Bowles argues that the Joachins fail to state a claim for negligence because they do not plead any facts alleging that Bowles owed the Joachins a duty.[91] Louisiana courts conduct a "duty-risk analysis" to determine whether a defendant is liable for negligence.[92] To prevail on a negligence claim, a plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant's conduct failed to conform to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the defendant's conduct caused actual damages.[93]

Here, the Third-Party Complaint contains facts detailing the Joachins' interactions with Bowles' representative and the injuries that may result from a denial of their insurance coverage, but the Joachins do not properly plead any allegations regarding duty, breach, or causation.[94] However, because dismissal is a harsh remedy, short of granting a motion to dismiss, a court may

---

[90] The Joachins also attach to their opposition a copy of the fire department's investigation report. Neither party briefs whether the Court should consider this document in ruling on the motion to dismiss, and because this document is not relevant to the arguments presented here, the Court will not address it.

[91] Rec. Doc. 14-1 at 4–5.

[92] La. Civ. Code art. 2315; *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corporation*, 94-0952 (La.11/30/94), 646 So.2d 318, 321); *see also Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014) (Vance, J.).

[93] *Lemann*, 923 So. 2d at 633.

[94] *See* Rec. Doc. 5 at 19–22.

grant a plaintiff leave to amend his complaint.[95] Therefore, the Court will deny without prejudice Bowles' motion to dismiss the negligence claim and grant the Joachins leave to amend the Complaint to address this deficiency, if possible.

## C. *Whether the Joachins State a Claim for Breach of Contract*

Bowles argues that the Joachins cannot state a claim for breach of contract because they do not plead facts detailing that they entered into a contract with Bowles, the terms of the contract, or the provision of the contact that Bowles allegedly breached.[96] Under Louisiana law, to assert a breach of contract claim, the plaintiff must show: "(1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation, resulting in a breach; and (3) the failure to perform resulted in damages to the obligee."[97] In the Third-Party Complaint, the Joachins allege that they "sought to procure homeowner's insurance from insurance agent/broker Bowels & Associates" and Bowles completed the application on their behalf.[98] The Joachins also allege that if GeoVera denies coverage under the Policy, Bowles is somehow responsible.[99]

Though these allegations suggest that a contractual relationship may have existed and that Bowles may have breached the contract, the allegations are vague and insufficient to allege a plausible breach of contract claim.[100] Therefore, the Court will also deny without prejudice Bowles' motion to dismiss the breach of contract claim and grant the Joachins leave to amend the

---

[95] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[96] Rec. Doc. 14-1 at 7–8.

[97] *Sanga v. Perdomo*, 14-609 (La. App. 5 Cir. 12/30/14), 167 So. 3d 818, 822; *see* La. Civ. Code art. 1994; *Favrot v. Favrot*, 10–0986 (La. App. 4 Cir. 02/09/11), 68 So.3d 1099, 1109.

[98] Rec. Doc. 5 at 21.

[99] *Id.* at 22.

[100] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

Complaint to address this deficiency, if possible.

D.     *Whether the Joachins State a Claim for Detrimental Reliance*

Bowles avers that the Joachins do not properly plead a detrimental reliance claim because the Joachins do not allege any representations that Bowles made, how they relied on the representations, and how their position was damaged because of this reliance.[101] Under Louisiana law, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."[102] To establish a claim of detrimental reliance a plaintiff must demonstrate: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance."[103]

In the Third-Party Complaint, the Joachins allege that they sought Bowles' assistance with acquiring homeowner's insurance, and a Bowles representative completed the application for them and told them that they would have insurance if they signed the application.[104] Though these allegations suggest that the agent made a representation about a policy being in effect, the Joachins do not sufficiently detail what this representation entailed and to what extent the agent promised that the Policy would provide coverage for their Property. Therefore, the Court will deny without prejudice Bowles' motion to dismiss the detrimental reliance claim and grant the Joachins leave to amend the complaint to address this deficiency, if possible.

---

[101] Rec. Doc. 14-1 at 8–9.

[102] La. Civ. Code Ann. art. 1967.

[103] *In re Ark-La-Tex Timber Co., Inc*., 482 F.3d 319, 334 (5th Cir. 2007) (quoting *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005)).

[104] Rec. Doc. 5 at 21.

### E. *Whether the Joachins State a Claim for Failure to Exercise Reasonable Diligence*

Bowles contends that the Joachins do not plead a claim for failure to use reasonable diligence because the Joachins do not allege that Bowles failed to acquire the requested insurance.[105] Under Louisiana law, "[a]n insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance."[106] In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, a plaintiff must prove:

> (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured. [107]

Bowles admits that the Joachins properly plead the first element. Regarding the second and third elements, the Joachins allege that if GeoVera denies their insurance coverage, Bowles is responsible.[108] The Joachins do not, however, allege any facts to support the assertion that Bowles failed to use reasonable diligence in acquiring the policy. In an attempt to remedy this deficiency, the Joachins suggest in the opposition that Bowles may have had a greater duty than merely procuring the requested insurance.[109] While Louisiana law does not recognize a duty owed by an insurance agent to spontaneously advise or procure any specific type or amount of insurance

---

[105] Rec. Doc. 14-1 at 11–12.

[106] *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973).

[107] *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (internal citations omitted).

[108] Rec. Doc. 5 at 21–22.

[109] Rec. Doc. 21 at 11.

coverage for a client,[110] there are some instances where an insurance agent can be held liable for failing to advise the client of recommended coverage.[111] Yet, the Joachins do not include any allegations in the Third-Party Complaint regarding Bowles' duty to advise or procure a specific policy, and the Court cannot rely on arguments made in an opposition brief that are not alleged in the Complaint. Thus, the Joachins fail to state a claim for failure to use reasonable diligence, but rather than completely dismiss the claim, the Court will deny without prejudice the motion to dismiss and allow the Joachins leave to amend the deficiencies, if possible.

## V. Conclusion

Based on the foregoing, the Court has determined that the Joachins have not stated a claim for negligence, breach of contract, detrimental reliance, or lack of reasonable diligence against Bowles. Rather than dismiss the Joachins' claims at this time, the Court will grant the Joachins leave to amend the Third-Party Complaint.

Accordingly,

---

[110] *Isidore Newman School v. J. Everett Eaves Inc.*, 2009–2161 (La. 7/6/10); 42 So. 3d 352.

[111] *Offshore Prod. Contractors, Inc.*, 910 F.2d at 229 –30.

**IT IS HEREBY ORDERED** that Third-Party Defendant Bowles & Associates, Inc's. "Rule 12(b)(6) Motion to Dismiss"[112] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Mariette and Ebert Joachin are granted leave to amend the Third-Party Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, the Joachins fail to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will revisit the issue.

**NEW ORLEANS, LOUISIANA,** this  29th  day of March, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[112] Rec. Doc. 14.