UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7577** |
| **MARIETTE JOACHIN, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff GeoVera Specialty Insurance Company's ("GeoVera") "Motion for Summary Judgment for Declaratory Relief."[1] In this litigation, GeoVera alleges that Defendants Ebert Joachin and Mariette Joachin (the "Joachins") filed a fraudulent insurance claim because the insurance policy issued by GeoVera did not cover the Joachins' property.[2] The Joachins filed a Counterclaim, arguing that GeoVera denied their insurance claim in bad faith.[3] GeoVera filed the instant motion, seeking summary judgment declaring that the insurance policy did not provide coverage for the property in issue.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A.   *Factual Background*

#### 1.   **GeoVera's Claims**

In the Complaint, GeoVera alleges that the Joachins filed fraudulent claims under a

---

[1] Rec. Doc. 74.
[2] Rec. Doc. 1.
[3] Rec. Doc. 5.
[4] Rec. Doc. 74 at 1.

1

homeowner insurance policy.[5] According to GeoVera, on April 3, 2018, the Joachins purchased a home at 5809 Bienvenue Avenue (the "Property") for $55,000.00.[6] GeoVera then alleges that on April 11, 2018, the Joachins purchased from GeoVera a homeowner's insurance policy (the "Policy") that was effective April 11, 2018 until April 11, 2019.[7] GeoVera asserts that "[t]he dwelling had termite damage, missing sheetrock, and other damage" that the Joachins failed to disclose on their insurance application.[8] GeoVera contends that on May 9, 2018, a fire caused substantial damage to the Property, and on May 10, 2018, the Joachins filed an insurance claim for $170,000.00 under the Policy.[9] On June 6, 2018, the Property was allegedly demolished by an order of the Jefferson Parish regulatory department.[10]

GeoVera avers that after the fire, it began an investigation regarding the claim and requested that the Joachins submit to an Examination Under Oath ("EUO") on July 12, 2018.[11] GeoVera alleges that during the EUO, it learned that numerous repairs were being made to the property at the time of fire, the Joachins had not yet moved into the Property, and the Joachins had connected the electricity at the Property but no other utilities.[12] GeoVera also contends that the fire department investigation determined that the fire was accidental, but the results of the police investigation are still unknown, and the Joachins stated during the EUO that the prior

---

[5] Rec. Doc. 1.
[6] *Id.* at 2.
[7] *Id.* at 2–3.
[8] *Id.* at 3.
[9] *Id.*
[10] *Id.* at 4.
[11] *Id.* at 3–4.
[12] *Id.* at 3–5.

owner of the Property had been arrested for the fire.[13]

GeoVera seeks declaratory judgment on the following: (1) the Property does not qualify as "residence premises" under the Policy because the Joachins never resided at the property; (2) the Joachins engaged in "misrepresentations" which voided the Policy when they indicated on their application that they had not been subject to foreclosure, that the Property did not have unrepaired damage, that the Property had public utilities in service, and that the Property was not under renovation; (3) the Policy does not cover "vandalism and mischief" if the Court finds that the Property was vacant and the prior owner started the fire; (4) the Property is subject to a "vacancy exclusion" under Louisiana law if it was vacant more than sixty days; and (5) the Joachins created an "increased hazard" of fire by leaving the property vacant.[14] Based on these findings, GeoVera urges the Court to declare that the Policy did not cover the Property.[15]

2. **The Joachins' Counterclaims**

In the Counterclaim, the Joachins alleged that during the EUO, "there was an obvious language barrier due to the policyholders being of Haitian origin and speaking French Creole."[16] The Joachins asserted that GeoVera conducted the EUO "without any type of interpreter present," and received "ill-obtained" answers.[17] Specifically, the Joachins contended that during the EUO, they emphasized that they planned for the Property to be their home, tried to clarify for GeoVera that the repairs on the home were not renovations, and mistakenly interpreted questions about foreclosure as asking whether they had been evicted from a property and not whether a foreclosure

---

[13] *Id.* at 5.

[14] *Id.* at 9–15.

[15] *Id.* at 15.

[16] Rec. Doc. 5 at 17.

[17] *Id.* at 17–18.

action had been filed against them.[18] Therefore, the Joachins argued that GeoVera engaged in bad faith conduct when the Joachins' attorney was not allowed to object to questioning during the EUO and GeoVera utilized the "ill-obtained" responses in refusing to pay the Joachins under the Policy.[19] The Joachins sought damages for bad faith insurance adjusting under Louisiana Revised Statutes 22:1892 and 22:1973.[20]

B.   *Procedural Background*

On August 10, 2018, GeoVera filed a Complaint against the Joachins.[21] On September 5, 2018, the Joachins filed an answer, counterclaims against GeoVera, and a third-party demand against Bowles.[22] On October 17, 2018, GeoVera filed a motion to dismiss the counterclaim.[23] On June 28, 2019, the Court granted the motion to dismiss the counterclaim, finding that the Policy did not provide coverage for the Property because the Joachins did not reside at the Property at the time the Policy was purchased.[24]

On June 18, 2019, GeoVera filed the instant motion for summary judgment.[25] On June 25, 2019, the Joachins filed an opposition to the motion.[26] With leave of Court, on July 3, 2019, GeoVera filed a reply in further support of the motion.[27]

---

[18] *Id.*

[19] *Id.*

[20] *Id.* at 17–19.

[21] Rec. Doc. 1.

[22] Rec. Doc. 5.

[23] Rec. Doc. 9.

[24] Rec. Doc. 95.

[25] Rec. Doc. 74.

[26] Rec. Doc. 84.

[27] Rec. Doc. 106.

## II. Parties' Arguments

### A.     *GeoVera's Arguments in Support of the Motion*

In the instant motion, GeoVera urges the Court to grant summary judgment declaring that the Policy did not provide coverage for the Property because the Joachins did not reside at the Property on the date of inception of the Policy.[28] GeoVera argues that the Policy only affords coverage for the "residence premises," and the "residence premises" is limited to "'[t]he one-family dwelling *where you reside . . . on the inception date of the policy period* shown in the Declarations and which is shown as the 'residence premises' in the Declarations.'"[29] GeoVera presents statements from the Joachins' EUO wherein they state that they did not reside at the property at the time they purchased the insurance policy and that they intended to move into the property at a later date.[30]

GeoVera then alleges that it is improper for the Joachins to assert that the Policy should have included a fire insurance exclusion under Louisiana Revised Statute § 22:1311 that allowed the Joachins a sixty-day grace period to move into the property.[31] GeoVera contends that: (1) in order to apply Section 22:1311 as a grace period from an exclusion, the policy in question must first cover the property, and (2) under Louisiana law, Section 22:1311 does not apply to homeowner policies, only specific fire insurance policies.[32] For these reasons, GeoVera requests that the Court grant summary judgment declaring that the Policy does not cover the Property.[33]

---

[28] Rec. Doc. 74-1 at 9–11.

[29] *Id.* at 10.

[30] *Id.* at 13–15.

[31] *Id.* at 15–16.

[32] *Id.*

[33] *Id.* at 17.

5

### B. The Joachins' Arguments in Opposition to the Motion

In opposition, the Joachins argue that the Court should deny summary judgment because the Policy allowed the Joachins a grace period in which to move into the property.[34] The Joachins assert that the Policy contained a provision which stated that it would not cover losses if the Property was vacant more than 30 days.[35] The Joachins aver that this language means they had 30 days in which to move into the Property, and the Property was only vacant 28 days before the fire.[36] The Joachins also contend that under Louisiana law, the Policy should have included a standard fire policy provision providing a 60-day period in which coverage would not be precluded based on vacancy.[37] Thus, the Joachins argue that they did reside at the Property and Court should deny summary judgment.

Alternatively, the Joachins submit an affidavit alleging that GeoVera has not yet produced its corporate representatives for depositions, and the Joachins accordingly lack information regarding several factual issues that could affect the motion for summary judgment.[38] Specifically, the Joachins aver that the depositions could reveal whether the Policy can be classified as a fire policy and whether the standard fire policy provision should have been included.[39] Therefore, the Joachins contend that Federal Rule of Civil Procedure 56(d) warrants a denial of the motion until the Joachins have additional information to respond to the motion.[40]

---

[34] Rec. Doc. 84 at 5–6.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 6–8.

[38] *Id.* at 11–12.

[39] *Id.* at 11.

[40] *Id.* at 11–12.

## C. *GeoVera's Arguments in Further Support of the Motion to Dismiss*

In reply, GeoVera argues that the Court's June 28, 2019 order dismissing the Joachins' counterclaim supports a grant of summary judgment on GeoVera's requested declaratory relief.[41] According to GeoVera, the Court's Order found that the Joachins did not reside at the Property on the date of the Policy's inception, and the Policy therefore did not provide coverage for the Property.[42] GeoVera contends that this holding shows there are no genuine issues of material fact in dispute regarding the Policy not applying to the Property.[43] GeoVera also avers that the Joachins do not satisfy the standard for Rule 56(d) relief because the rule requires a non-movant to show that additional discovery would create a genuine issue of material fact.[44] GeoVera argues that the Joachins do not present any material in the affidavit showing that corporate depositions would reveal a genuine issue of fact.[45] Accordingly, GeoVera urges the Court to deny the Rule 56(d) request and grant its motion for summary judgment.[46]

## III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[47] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility

---

[41] Rec. Doc. 106 at 1–2.

[42] *Id.* at 2.

[43] *Id.*

[44] *Id.* at 3.

[45] *Id.*

[46] *Id.* at 4–5.

[47] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

determinations or weighing the evidence."[48] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[49] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[50]

"[A] nonmoving party is not entitled to rest on his pleadings, but must carry his burden of providing evidence of a genuine issue of material fact."[51] "That burden can be met by depositions, answers to interrogatories and admissions on file and affidavits."[52] The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment."[53] However, a nonmovant's deposition testimony is often considered by a court in recognizing that a genuine issue of material fact exists, which precludes summary judgment.[54]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes

---

[48] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[49] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[50] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[51] *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992) (citing *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991)); *see also Celotex*, 477 U.S. at 325; *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[52] *Id*. (citing Fed. R. Civ. P. 56(c)).

[53] *Tyler v. Cedar Hill Indep. Sch. Dist*., 426 Fed.Appx. 306, 307 (5th Cir. 2011) (per curiam) (citing *DirectTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *United State v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

[54] *See, e.g., Vetter v. Frosch*, 599 F.2d 630 (5th Cir. 1979); *see also, e.g., King*, 974 F.2d at 656 (5th Cir. 1992).

demonstrate the absence of a genuine issue of material fact.[55] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[56] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[57] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[58] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[59]

### IV. Analysis

In the instant motion, GeoVera urges the Court to grant summary judgment declaring that the insurance policy did not provide coverage for the property at issue because the Joachins did not reside at the Property.[60] In opposition, the Joachins assert that the Policy contained a provision that allowed them 30 days to move into the Property, and additionally, the Policy should have included a Standard Fire Policy that would allow 60 days to move into the Property.[61] Based on

---

[55] *Celotex*, 477 U.S. at 323.

[56] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[57] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[58] *Little*, 37 F.3d at 1075.

[59] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[60] Rec. Doc. 74-1 at 1.

[61] Rec. Doc. 84 at 4–8.

these arguments, the Joachins appear to rely on two different vacancy exclusions to establish their residency at the Property.

The Fifth Circuit has stated that under Louisiana law, it is clear that when making an insurance claim, "the insured must prove *coverage* under the policy."[62] "Then, if the defendant-insurer wishes to avoid liability by relying on a policy exclusion from coverage, *it* has the burden of persuasion to establish that the uncompensated or under-compensated damage is subject to an exclusion."[63] This distinction by the Fifth Circuit clearly acknowledges that there is a two-step process to insurance claims, wherein an insured proves coverage and then an insurer attempts to prove than an exclusion applies.

Here, oddly, the Joachins, who are the insured, are attempting to use language from an exclusion provision to assert that coverage existed under the Policy. The Joachins assert that under the language of the exclusion, because the Property had not been vacant more than 30 days, they met the residency requirement. However, the Joachins are conflating their burden of proof. In order to show that the Policy covered the Property, the Joachins must present evidence proving that they resided at the Property at the time they purchased the Policy, and the language in the exclusion provision does not state that the Joachins had 30 days to move into the Property. It only states that if the Joachins left the Property vacant more than 30 days, GeoVera would deny coverage for certain losses. This language means that the Joachins would first have to be covered by the Policy in order to claim that a vacancy exclusion applied. Put another way, one must reside

---

[62] *Bayle v. Allstate Ins. Co.,* 615 F.3d 350, 358–59 (5th Cir. 2010) (emphasis in original) (*citing Jones v. Estate of Santiago*, 2003-1424 (La. 4/14/04); 870 So. 2d 1002, 1010; *Doerr v. Mobil Oil Corp.,* 774 So.2d 119, 123–24 (La. 2000); *Lee v. Taylor,* 808 So.2d 407, 410 (La. App. 1 Cir. 2000); *Whitham v. Louisiana Farm Bureau Cas. Insur. Co*., 34 So.3d 1104, 1107 (La. App. 2 Cir. 2010)); *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009).

[63] *Id.* (emphasis in original).

before one can vacate, thereby triggering the exclusion upon which the Joachins rely.

Thus, the vacancy exclusion, and its corresponding grace period, are insufficient to establish residency; they may only be utilized after coverage has been proven. Therefore, the exclusionary provisions which the Joachins attempt to rely on are insufficient evidence of the Joachins' residency. Moreover, the Joachins do not provide any other evidence in the motion to show that they met the residency requirement in the Policy. Where the Joachins cannot prove that they met the residency requirement, they cannot assert that the Policy ever became effective for the Property. Accordingly, there is no genuine issue of material fact that the Policy did not cover the Property.

The Joachins argue that rather than grant summary judgment, the Court should apply Federal Rule of Civil Procedure 56(d) and allow the Joachins additional time to depose GeoVera's corporate representatives.[64] The Joachins aver that the depositions could reveal factual details that would enable them to better oppose the motion for summary judgment.[65]

Pursuant to Rule 56(d), if a nonmovant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[66] "While 'Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted,' the party filing the motion must demonstrate 'how

---

[64] Rec. Doc. 84 at 11–12.

[65] *Id.*

[66] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).

additional discovery will create a genuine issue of material fact.' More specifically, 'the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"[67]

GeoVera argues that it is entitled to a declaration that the Policy did not provide coverage for the Property because the Joachins did not reside at the Property at the time the Policy was purchased.[68] The Joachins aver that if they are allowed to depose GeoVera's corporate representatives, they can attain additional information that would allow them to prove their residency.[69] Specifically, the Joachins assert that the depositions could reveal that the GeoVera Policy "fits the definition of a fire policy."[70]

As analyzed in the Court's June 28, 2019 Order and Reasons and referenced *supra*, whether the Policy qualifies as a fire policy is irrelevant to the issue of the Joachins' residence at the Property and the Policy's coverage. Before a vacancy exclusion can apply to a Property, the insured must first prove that the policy actually covered the property in question. Only after the insured shows coverage can a vacancy exclusion be relied upon. Here, the Joachins must demonstrate that they resided at the Property before it was "vacated" in order to trigger the exclusion language upon which the Joachins attempt to rely. Thus, a vacancy exclusion cannot establish residency, and the designation of the GeoVera Policy as a fire policy would not alter

---

[67] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (quoting *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013); *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001)) (internal citations omitted).

[68] Rec. Doc. 74-1 at 1–2.

[69] Rec. Doc. 84 at 11–12.

[70] *Id.* at 11.

this fact. Because the Joachins have not alleged that the depositions would produce facts that could actually establish residency, the Joachins have not met the Rule 56(d) standard of "demonstrat[ing] 'how additional discovery will create a genuine issue of material fact.'"[71] Therefore, the Court will deny the Joachins' request for Rule 56(d) relief.

### V. Conclusion

For the reasons discussed above, the Court finds that there is no genuine issue of fact regarding the insurance policy not providing coverage for the property.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff and Counterclaim-Defendant GeoVera Specialty Insurance Company's "Motion for Summary Judgment for Declaratory Relief"[72] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 18th day of July, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[71] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (quoting *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013); *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001)) (internal citations omitted).

[72] Rec. Doc. 74.