# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7577** |
| **MARIETTE JOACHIN, et al.** | **SECTION: "G"(5)** |

## <u>ORDER AND REASONS</u>

Before the Court is Third-Party Defendant Bowles & Associates, Inc's. ("Bowles")
"Second Rule 12(b)(6) Motion to Dismiss."[1] In this litigation, Plaintiff GeoVera Specialty
Insurance Company ("GeoVera") alleges that Defendants Ebert Joachin and Mariette Joachin (the
"Joachins") falsified their insurance application and filed a fraudulent insurance claim.[2] The
Joachins filed a Third-Party Complaint against Bowles, their insurance broker, contending that
Bowles was negligent in procuring the insurance policy and should indemnify the Joachins in the
event that GeoVera refuses to provide coverage.[3] Bowles filed the instant motion, arguing that
the Joachins' third-party claims should be dismissed because they fail to state a claim upon which
relief can be granted.[4] Having considered the motion, the memoranda in support and in
opposition, the record, and the applicable law, the Court will grant the motion on the breach of
contract claim and bad faith claims and deny the motion with respect to the other claims.

---

[1] Rec. Doc. 47.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] Rec. Doc. 47.

1

**I. Background**

*A.*     ***Factual Background***

    **1.**     **GeoVera's Claims**

     In the Complaint, GeoVera alleges that the Joachins filed fraudulent claims under a homeowner insurance policy.[5] According to GeoVera, on April 3, 2018, the Joachins purchased a home at 5809 Bienvenue Avenue (the "Property") for $55,000.00.[6] GeoVera then alleges that on April 11, 2018, the Joachins purchased from GeoVera a homeowner's insurance policy (the "Policy") that was effective April 11, 2018 until April 11, 2019.[7] GeoVera asserts that "[t]he dwelling had termite damage, missing sheetrock, and other damage" that the Joachins failed to disclose on their insurance application.[8] GeoVera contends that on May 9, 2018, a fire caused substantial damage to the Property, and on May 10, 2018, the Joachins filed an insurance claim for $170,000.00 under the Policy.[9] On June 6, 2018, the Property was allegedly demolished by an order of the Jefferson Parish regulatory department.[10]

     GeoVera avers that after the fire, it began an investigation regarding the claim and requested that the Joachins submit to an Examination Under Oath ("EUO") on July 12, 2018.[11] GeoVera alleges that during the EUO, it learned that numerous repairs were being made to the property at the time of fire, the Joachins had not yet moved into the Property, and the Joachins

---

[5] Rec. Doc. 1.

[6] *Id.* at 2.

[7] *Id.* at 2–3.

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 3–4.

2

had connected the electricity at the Property but no other utilities.[12] GeoVera also contends that the fire department investigation determined that the fire was accidental, but the results of the police investigation are still unknown, and the Joachins stated during the EUO that the prior owner of the Property had been arrested for the fire.[13]

GeoVera seeks declaratory judgment on the following: (1) the Property does not qualify as "residence premises" under the Policy because the Joachins never resided at the property; (2) the Joachins engaged in "misrepresentations" which voided the Policy when they indicated on their application that they had not been subject to foreclosure, that the Property did not have unrepaired damage, that the Property had public utilities in service, and that the Property was not under renovation; (3) the Policy does not cover "vandalism and mischief" if the Court finds that the Property was vacant and the prior owner started the fire; (4) the Property is subject to a "vacancy exclusion" under Louisiana law if it was vacant more than sixty days; and (5) the Joachins created an "increased hazard" of fire by leaving the property vacant.[14] Based on these findings, GeoVera urges the Court to declare that the Policy did not cover the Property.[15]

### 2.    The Joachins' Third-Party Claims

In the Third-Party Complaint, the Joachins assert that they enlisted the services of Bowles to assist them in procuring homeowner's insurance, and Bowles is responsible for any deficiencies in the Joachins' insurance application.[16] According to the Complaint, the Joachins

---

[12] *Id.* at 3–5.

[13] *Id.* at 5.

[14] *Id.* at 9–15.

[15] *Id.* at 15.

[16] *Id.* at 21.

provided Bowles with honest information regarding their plans for the Property and Bowles completed all necessary forms using this information.[17] The Joachins allege that Bowles promised them that if the Joachins signed the forms, they would have an insurance policy, and because of their limited communication skills, the Joachins fully relied on Bowles' representations.[18] The Joachins now assert that if the Joachins are found to have misrepresented facts in their application and are denied insurance coverage because of these misrepresentations, Bowles should be held liable.[19] Therefore, in the event that they are found liable, the Joachins seek indemnification from Bowles and additional damages for negligence, breach of contract, detrimental reliance, and failure to use reasonable diligence.[20]

## B.    *Procedural Background*

On August 10, 2018, GeoVera filed a Complaint against the Joachins.[21] On September 5, 2018, the Joachins filed an answer, counterclaims against GeoVera, and a Third-Party Complaint against Bowles.[22] On November 5, 2018, Bowles filed a motion to dismiss the third-party complaint.[23] On April 29, 2019, the Court denied the motion.[24] The Court found that the Joachins had not stated a claim for negligence, breach of contract, detrimental reliance, or failure to

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 22.

[20] *Id.*

[21] Rec. Doc. 1.

[22] Rec. Doc. 5.

[23] Rec. Doc. 14.

[24] Rec. Doc. 33.

exercise reasonable diligence.[25] However, rather than dismissing the claims at that time, the Court granted the Joachins leave to amend the third-party complaint.[26] On May 13, 2019, the Joachins filed an amended third-party complaint.[27]

On June 28, 2019, the Court granted a motion to dismiss filed by GeoVera and dismissed Plaintiff's counterclaim against GeoVera.[28] On July 18, 2019, the Court granted a motion for summary judgment filed by GeoVera, finding that GeoVera was entitled to judgment in its favor on the original complaint because there were no genuine issues of fact in dispute regarding the insurance policy not providing coverage for the property.[29]

On May 28, 2019, Bowles filed the instant "Second Rule 12(b)(6) Motion to Dismiss."[30] On June 11, 2019, the Joachins filed an opposition.[31] With leave of Court, on June 19, 2019, Bowles filed a reply in support of the motion.[32]

## II. Parties' Arguments

### A.  *Bowles' Arguments in Support of the Motion to Dismiss*

In the instant motion, Bowles urges the Court to dismiss the Joachins' third-party claims because the Joachins still fail to state a claim for breach of contract, negligence, detrimental

---

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 35.

[28] Rec. Doc. 95.

[29] Rec. Doc. 127.

[30] Rec. Doc. 47.

[31] Rec. Doc. 57.

[32] Rec. Doc. 77.

reliance, or failure to exercise reasonable diligence.[33] First, Bowles contends that the Joachins fail to state a claim for negligence because the Joachins do not properly allege that Bowles breached a duty.[34] Bowles insists that the Joachins cannot claim that Bowles breached a duty to assist the Joachins in correctly completing their insurance application because Louisiana law places a duty on the insured to ensure that the application is correct.[35] Further, Bowles avers that in the EUO with GeoVera, the Joachins confirmed that they verified that all of their responses were accurate.[36] According to Bowles, where the Joachins fail to identify any breach of a duty, they fail to state a claim for negligence.[37]

Next, Bowles argues that the Joachins cannot state a claim for breach of contract because they do not plead facts "alleg[ing] exactly what Bowles did to breach the alleged contract."[38] Similarly, Bowles avers that the Joachins do not state a claim for detrimental reliance because even after the Joachins amended the third-party complaint, they "have still not alleged any particular representations or misrepresentations" which Bowles made to the Joachins.[39]

Additionally, Bowles contends that the Joachins do not plead a cognizable claim for failing to exercise reasonable diligence in procuring the insurance.[40] Though Bowles admits that the Joachins plead the first element of undertaking the task of procuring insurance, Bowles insists

---

[33] Rec. Doc. 47-1 at 4.

[34] *Id.* at 5–6.

[35] *Id.* at 5.

[36] *Id.* at 5–6.

[37] *Id.* at 6.

[38] *Id.* at 7.

[39] *Id.* at 9.

[40] *Id.* at 9–10.

that the Joachins do not prove the second element—that Bowles failed to acquire the requested insurance.[41] On the contrary, Bowles argues that the Joachins have previously admitted that Bowles procured an insurance policy for the Joachins.[42] Bowles then argues that the Joachins cannot assert that Bowles procured the wrong policy because under Fifth Circuit precedent, where an agent procures the requested insurance, it is the duty of the insured to assess whether the policy actually meets their needs.[43] Bowles contends that the agent cannot be held responsible if the insured did not adequately determine the coverage they needed or read the policy terms.[44] Thus, Bowles argues that the Joachins fail to state a claim for failure to exercise reasonable diligence.[45]

Finally, Bowles asserts that though the Joachins did not include a claim for bad faith pursuant to Louisiana Revised Statute § 22:1892 and 22:1973 in the original third-party complaint, it appears that the Joachins have now included the claim in the amended complaint.[46] Bowles avers that Sections 1892 and 1973 only apply to insurance companies and not brokers.[47] Thus, Bowles argues, the bad faith claims alleged in the amended third-party complaint should be dismissed.[48] Because Bowles avers that the Joachins do not plead facts to support any of the Joachins' claims, Bowles requests that the Court grant the motion to dismiss all claims.[49]

---

[41] *Id.* at 10.

[42] *Id.* (citing Rec. Doc. 5 at 16).

[43] *Id.* at 10–11.

[44] *Id.* at 11.

[45] *Id.*

[46] *Id.* at 11.

[47] *Id.*

[48] *Id.*

[49] *Id.*

## B.  *The Joachins' Arguments in Opposition to the Motion to Dismiss*

In opposition, the Joachins argue that the Court should deny Bowles' motion to dismiss because the motion should be converted into a motion for summary judgment, and the information obtained in discovery supports the Joachins' claims.[50] The Joachins begin by stating that during the depositions of Bowles' corporate representatives Derek Bowles and Niki Marchand, the Joachins discovered several key facts which support their four claims against Bowles.[51] The Joachins assert that Niki Marchand ("Marchand"), the agent who sold the Joachins the GeoVera policy, admitted during her deposition that Marchand knew the Joachins did not speak English as a first language, may have had difficulty understanding, and still failed to provide an interpreter.[52] The Joachins also assert that in submitting the Joachins' insurance application to GeoVera, Marchand failed to ascertain whether the Joachins had ever filed for bankruptcy and failed to accurately report to GeoVera that the Joachins did not reside at the property on the date the Policy was purchased.[53] Finally, the Joachins allege that Marchand admits that she only provided the Joachins with an application for a homeowner policy and did not offer to sell the Joachins a builder's risk insurance policy or a policy that would cover a vacant property.[54]

The Joachins assert that under Federal Rule of Civil Procedure 12(d), "[t]he Court is granted discretion to convert the motion to dismiss to a motion for summary judgment," and "if

---

[50] Rec. Doc. 57 at 8–9.

[51] *Id.* at 2–4.

[52] *Id.*

[53] *Id.* at 3–4.

[54] *Id.* at 4–5.

extrinsic material is not excluded by the Court," this conversion is required.[55] The Joachins adopt

their argument from their opposition to Bowles' first motion to dismiss to assert that in the instant

motion, Bowles continues to rely on statements in GeoVera's complaint and transcripts of the

EUO that are outside the pleadings.[56] The Joachins also argue that because the Joachins

discovered essential facts during the aforementioned depositions, the deposition transcripts and

attached exhibits are critical to supporting the Joachins' claims.[57] Therefore, the Joachins contend

that the Court should convert Bowles' motion into a motion for summary judgment to consider

all the extrinsic evidence.[58] If, however, the Court proceeds in considering the motion under

12(b)(6), the Joachins contend that they properly pleaded all four claims against Bowles.[59]

Regarding the negligence claim, the Joachins assert that in the amended third-party

complaint, they allege that Bowles had a duty to procure and provide them with a correct

insurance policy.[60] The Joachins assert that the complaint alleges that Bowles breached that duty

by failing to secure such a policy and this failure caused the Joachins damage.[61] The Joachins

also assert that Marchand was an insurance agent and not merely a broker, and the Joachins cite

the Louisiana First Circuit Court of Appeal case *Crayton v. Sentry Insurance Company*,[62] for the

proposition that as an insurance agent, Bowles had a duty to exercise reasonable diligence in

---

[55] *Id.* at 8.

[56] *Id.* at 8–9.

[57] *Id.*

[58] *Id.*

[59] *Id.* at 10–17.

[60] *Id.* at 12.

[61] *Id.*

[62] 612 So.2d 767 (La. App. 1 Cir. 1992).

providing the Joachins with an insurance policy.[63] The Joachins then list the following actions as Bowles' breaches of its duty: failure to provide a translator, failure to ask all pertinent questions in completing the application, failure to recommend the proper insurance for the property, and failure to state on the Joachins' application that they did not yet reside at the property.[64]

The Joachins also contest Bowles' assertion that the Joachins had a duty to read the application and verify that it provided their desired policy.[65] Bowles contends that Marchand admitted in her deposition that she did not review the application with the Joachins and did not allow the Joachins to read the policy; Marchand only handed the Joachins the application and told them to sign.[66] Therefore, the Joachins assert that "Bowles' negligence is apparent from the face of the Amended Complaint."[67]

Similarly, the Joachins assert that they pleaded a claim for breach of contract because the amended third-party complaint alleges that a contract was formed where Bowles was obligated to procure and provide a correct insurance policy.[68] The Joachins assert that "[b]ecause Bowles failed to perform its obligation—for the reasons described *supra*—and because that failure damaged the Joachins (the obligee), Bowles breached its contract with the Joachins."[69]

Regarding the claim for detrimental reliance, the Joachins point to the allegation in the amended third-party complaint that Bowles purported to secure a policy for the Joachins and

---

[63] Rec. Doc. 57 at 11.

[64] *Id.* at 11–12.

[65] *Id.* at 10–11.

[66] *Id.* at 11.

[67] *Id.* at 13.

[68] *Id.*

[69] *Id.*

Bowles could have expected the Joachins to rely on this representation.[70] The Joachins also assert that in the amended complaint, they allege that they "justifiably relied on the conduct of Bowles in filling out the application and on the correctness of the resulting Policy itself."[71] Finally, the Joachins aver that this reliance was detrimental because Bowles' failure to adequately insure the Joachins resulted in the Joachins not having coverage for the damage to their home.[72] Therefore, the Joachins assert that they pleaded a claim for detrimental reliance.[73]

Finally, the Joachins contend that they plead a claim for failure to exercise reasonable diligence because the amended third-party complaint alleges that "(1) Bowles undertook the risk of procuring correct and adequate insurance for 5809 Bienvenue; (2) Bowles failed to use reasonable diligence in securing the Policy, as indicated by Geovera's denial of coverage and lawsuit against the Joachins…and (3) the Joachins relied on Bowles to secure a specific type of insurance…and Bowles represented that such coverage was provided..."[74] The Joachins cite the Fifth Circuit case *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, to support the argument that "an insurance agent is more than a 'mere order taker' for the insured… [h]is fiduciary duties include advising the client with regard to recommended coverage…an undertaking to procure insurance [must be construed as] an agreement by the agent to provide coverage for the client's specific concerns."[75] The Joachins assert that the deposition transcripts

---

[70] *Id.* at 14–15.

[71] *Id.* at 15.

[72] *Id.* at 14.

[73] *Id.* at 15.

[74] *Id.* at 17.

[75] *Id.* at 15 (citing 910 F.2d 224, 229 (5th Cir. 1990)).

illustrate how Bowles failed to use reasonable diligence, especially in the following: failing to provide a translator, failing to ask all pertinent questions in completing the application, failing to recommend the proper insurance for the property, and failing to state on the Joachins' application that they did not yet reside at the property.[76] Accordingly, the Joachins insist that they state a claim for failure to exercise reasonable diligence.[77]

In summary, the Joachins request that the Court convert the motion to dismiss into a motion for summary judgment in order for the Court to consider Bowles' use of GeoVera's complaint and the EUO transcripts and the evidence obtained in the deposition transcripts.[78] However, if the Court declines to convert the motion, the Joachins argue that they fully plead each of their claims, and Bowles' motion to dismiss should be denied.[79] Alternatively, the Joachins request that the Court allow leave to amend the third-party complaint to include facts obtained during the depositions.[80]

## C.      *Bowles' Arguments in Further Support of the Motion to Dismiss*

In reply, Bowles first argues that the motion should not be converted into a motion for summary judgment because Bowles did not attach any extrinsic documents to its motion and the non-moving party should not be allowed to "unilaterally convert another party's Rule 12(b)(6) motion."[81] Thus, Bowles insists that the deposition transcripts and the corresponding exhibits

---

[76] *Id.* at 16.

[77] *Id.* at 17.

[78] *Id.* at 17–18.

[79] *Id.* at 17–18.

[80] *Id.* at 18.

[81] Rec. Doc. 77 at 1–2.

should be stricken from the record and not considered as part of the motion to dismiss because such filings are improper on a motion to dismiss.[82]

Bowles then asserts that under a Rule 12(b)(6) standard, the Joachins fail to properly plead any of their asserted claims.[83] Regarding negligence, Bowles argues that the Joachins cannot prove causation because their failure to confirm that the application was correct is the actual cause of the GeoVera policy not providing coverage for the Property.[84] Bowles also contends that it did not have a duty to recommend a builders risk policy or vacancy policy because "'Louisiana does not impose a duty on an agent to identify a client's coverage needs and assess what type and amount of coverage would sufficiently meet the client's needs.'"[85] Bowles insists that Louisiana law places the burden on the client to ensure that he procures the insurance he needs, and this is true regarding whether the client worked with an insurance broker or an insurance agent.[86]

On the breach of contract claim, Bowles alleges that the Joachins still fail to point to facts in the amended third-party complaint wherein the Joachins detail the type of contract formed between the parties, the terms of the contract, or Bowles obligations under the contract.[87] Bowles argues that because the Joachins plead "zero details about this alleged contract," the breach of contract claim fails.[88] Regarding the detrimental reliance claim, Bowles contends that the "amended third-party complaint does not expressly identify any alleged representations," and the

---

[82] *Id.* at 2.

[83] *Id.* at 2–7.

[84] *Id.* at 3.

[85] *Id.* (quoting *Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 09-2161, p. 7 (La. 7/6/10))

[86] *Id.* at 3–4.

[87] *Id.* at 4.

[88] *Id.*

Joachins do not allege that any of Bowles' representatives told the Joachins that they would be "adequately insured" or have a policy that covered specific perils.[89] Bowles asserts that these representations were simply assumed by the Joachins, but even if Bowles' agent made such statements, they would not be sufficient to support a detrimental reliance claim.[90]

Next, Bowles argues that the Joachins do not state a claim for failure to exercise reasonable diligence because the allegations in the amended third-party complaint rely on Bowles having a duty to procure the right insurance for the Joachins, but Louisiana law has explicitly acknowledged that an agent's duty to exercise reasonable diligence does not include an obligation to advise a client regarding a specific type of insurance.[91] Bowles argues that the only exception to this standard is when "there is a 'special relationship' between the insurance agent and the insured, but no such relationship has been alleged in the Joachins' amended third-party complaint."[92] Therefore, Bowles asserts that the Joachins do not state a claim for failure to exercise reasonable diligence.[93]

Finally, Bowles contends that the Joachins' bad faith claims should be dismissed because the claims are not valid under Louisiana law and the Joachins did not contest this fact in their opposition.[94] Accordingly, Bowles argues that the Joachins fail to plead any of their asserted claims, and Bowles urges the Court to grant the motion to dismiss.[95]

---

[89] *Id.* at 5.

[90] *Id.* at 5–6.

[91] *Id.* at 6.

[92] *Id.* at 7.

[93] *Id.*

[94] *Id.*

[95] *Id.*

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[96] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[97] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[98] "Factual allegations must be enough to raise a right to relief above the speculative level."[99] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[100]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[101] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[102] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[103] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported

---

[96] Fed. R. Civ. P. 12(b)(6).

[97] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[98] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[99] *Twombly*, 550 U.S. at 556.

[100] *Id.* at 570.

[101] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[102] *Iqbal*, 556 U.S. at 677–78.

[103] *Id.* at 679.

by mere conclusory statements" will not suffice.[104] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[105] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[106] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[107] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[108]

## IV. Analysis

In the instant motion, Bowles urges the Court to dismiss the Joachins' third-party claims because the Joachins fail to state a claim for breach of contract, negligence, detrimental reliance, or failure to exercise reasonable diligence.[109] Bowles also argues that the Joachins improperly plead claims for bad faith under Louisiana Revised Statues 22:1892 and 22:1973.[110] In opposition, the Joachins argue that Bowles relies on extrinsic evidence to support its motion and the Joachins would like to utilize deposition transcripts to support their claims. Thus, the Joachins

---

[104] *Id.* at 678.

[105] *Id.*

[106] *Id.*

[107] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[108] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[109] Rec. Doc. 47-1 at 2–3.

[110] *Id.* at 11.

request that the Court convert the motion to dismiss into a motion for summary judgment.[111] The Joachins also argue that they clearly plead facts in support of all their claims.[112]

As an initial matter, the Court notes that Louisiana Revised Statutes §§ 22:1892 and 22:1973 only provide for bad faith claims against insurance companies.[113] Further, the Joachins do not oppose Bowles' assertion that they fail to state a claims for bad faith. Therefore, the Court will dismiss these claims. The Court will address each of Bowles' other arguments in turn.

**A.    *Whether the Court Should Convert the Motion into a Motion for Summary Judgment***

The Joachins argue that the Court should convert the motion to dismiss into a motion for summary judgment because Bowles references GeoVera's complaint and the EUO transcripts in the motion.[114] The Joachins also assert that the deposition transcripts they attached to the opposition include essential facts that will support their claims.[115] Federal Rule of Civil Procedure 12(d) provides that with respect to a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment[.]"[116]

Here, Bowles references GeoVera's complaint and the EUO transcripts in the motion, but for the reasons that follow, it is unnecessary for the Court to consider these documents in deciding this motion. Therefore, the Court will not consider these documents in deciding the instant motion

---

[111] Rec. Doc. 57 at 8–9.

[112] *Id.* at 10–17.

[113] La. Stat. Ann. § 22:1892; La. Stat. Ann. § 22:1973.

[114] Rec. Doc. 57 at 8–10.

[115] *Id.*

[116] Fed. R. Civ. P. 12(d).

to dismiss. Similarly, the Court finds that the Joachins' attachments to the motion do not affect the Court's analysis of whether the Joachins state claims upon which relief can be granted. Therefore, the Court will also not consider the Joachins' attachments. Accordingly, the Court will not convert the motion to dismiss into a motion for summary judgment.

**B.      *Whether the Joachins State a Claim for Breach of Contract***

Bowles argues that the Joachins cannot state a claim for breach of contract because they do not plead facts detailing the type of contract formed between the parties, the terms of the contract, or Bowles obligations under the contract.[117] Under Louisiana law, to assert a breach of contract claim, the plaintiff must show: "(1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation, resulting in a breach; and (3) the failure to perform resulted in damages to the obligee."[118] "[The] party who demands performance of an obligation must prove the existence of the obligation."[119]

In the amended third party complaint, the Joachins allege that they "sought an insurance policy with Bowles & Associates, by which a contract was formed in that Bowles & Associates was then obligated to procure and provide a correct insurance policy to the Joachins."[120] Though these allegations suggest that a contractual relationship may have existed, the allegations are vague and insufficient to plausibly allege the existence of an actual contract.[121] The Joachins fail to assert any facts detailing the manner in which this contract was formed, the exact terms of the

---

[117] Rec. Doc. 77 at 4–5.

[118] *Sanga v. Perdomo*, 14-609 (La. App. 5 Cir. 12/30/14), 167 So. 3d 818, 822; *see* La. Civ. Code art. 1994; *Favrot v. Favrot*, 10–0986 (La. App. 4 Cir. 02/09/11), 68 So.3d 1099, 1109.

[119] La. Civ. Code Ann. art. 1831.

[120] Rec. Doc. 35 at 4–5.

[121] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

contract, and whether the contract was written or oral. Louisiana law does allow for "[a]n oral contract for more than five hundred dollars [to] be proved by the testimony of 'one witness and other corroborating circumstances.'"[122] However, the Joachins do not allege that an oral contract existed or that the existence of this contract can be corroborated by corroborating circumstances. Therefore, the Joachins fail to state a claim for breach of contract and the Court will dismiss this claim.

**C.** ***Whether the Joachins State a Claim for Detrimental Reliance***

Bowles contends that the "amended third-party complaint does not expressly identify any alleged representations," and the Joachins do not allege that any of Bowles' representatives told the Joachins that they would be "adequately insured" or have a policy that covered specific perils.[123] Under Louisiana law, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."[124] To establish a claim of detrimental reliance a plaintiff must demonstrate: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance."[125]

In the amended third-party complaint, the Joachins allege that "[t]he representative of Bowles & Associates expressed an understanding of [the Joachins' needs] and explained that

---

[122] *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 403 (5th Cir. 2000) (quoting La. Civ. Code Ann. art. 1846).

[123] Rec. Doc. 77 at 5.

[124] La. Civ. Code Ann. art. 1967.

[125] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007) (quoting *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005)).

Bowles & Associates would obtain insurance for the Joachins based on their needs."[126] The Joachins also allege that "Bowles & Associates told the Joachins that they had their best interest at heart and that they would find them appropriate insurance for their needs."[127] The Joachins then state that they "justifiably relied upon the conduct of Bowles" and was damaged by this reliance.[128] Therefore, the Joachins allege that in utilizing Bowles' services for procuring an insurance policy, Bowles represented to the Joachins that it would help them select a policy that would cover their specific needs.

Bowles asserts that even if its agents made such representations, they are insufficient to support a detrimental reliance claim.[129] In support of this argument, Bowles cites a case from the Middle District of Louisiana and Louisiana Fourth Circuit Court of Appeals.[130] Bowles avers that in each of these cases, the court held that an agent's representation that the insured was "fully covered" was insufficient to constitute negligent misrepresentation.[131] These case are clearly distinguishable from the circumstances here because the Joachins' claim is for detrimental reliance, not negligent representation. Whether the statements of Bowles' agents rise to the level of negligence is irrelevant to whether they made such statements that the Joachins detrimentally relied upon. The Joachins clearly allege that Bowles' agents made statements upon which the Joachins' relied, and there was a change of position to the Joachins' detriment because of the

---

[126] Rec. Doc. 35 at 3.

[127] *Id.*

[128] *Id.*

[129] Rec. Doc. 77 at 5–6.

[130] *Id.* (citing *City Blueprint & Supply Co. v. Boggio*, 2008-1093 (La. App. 4 Cir. 12/17/08), 3 So. 3d 62, 66; *Feucht v. Safeco Ins. Co. of Am.*, No. 11-550, 2012 WL 832355 (M.D. La. 2012)).

[131] *Id.*

reliance. This is enough to state a plausible claim for relief. Therefore, the Court will deny

Bowles' motion to dismiss the detrimental reliance claim.

**D.       *Whether the Joachins State a Claim for Failure to Exercise Reasonable Diligence***

Bowles contends that the Joachins do not plead a claim for failure to exercise reasonable

diligence because Louisiana law has explicitly acknowledged that an agent's duty to exercise

reasonable diligence does not include an obligation to advise a client regarding a specific type of

insurance.[132] Under Louisiana law, "[a]n insurance agent who undertakes to procure insurance

for another owes an obligation to his client to use reasonable diligence in attempting to place the

insurance requested and to notify the client promptly if he has failed to obtain the requested

insurance."[133] In order to recover for a loss arising out of the failure of an insurance agent to

obtain insurance coverage, a plaintiff must prove:

> (1) an undertaking or agreement by the insurance agent to procure insurance; (2)
> failure of the agent to use reasonable diligence in attempting to place the insurance
> and failure to notify the client promptly if he has failed to obtain the insurance; and
> (3) actions by the agent warranting the client's assumption that the client was
> properly insured. [134]

Bowles admits that the Joachins properly pleaded the first element. [135] It contests,

however, that the Joachins pleaded facts alleging that Bowles' failed to procure the policy that it

undertook to provide.[136] In the amended third-party complaint, the Joachins allege the following:

> [T]he Joachins advised Bowles & Associates the following: (1) that the 5809
> Bienvenue Avenue, Marrero, Louisiana home was to be their primary residence;

---

[132] Rec. Doc. 77 at 6–7.

[133] *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973).

[134] *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990)
(internal citations omitted).

[135] Rec. Doc. 47-1 at 9.

[136] *Id.*

(2) that they (the Joachins) were currently residing at 2304 S. Parc Green Street, Harvey, Louisiana 70058; and (3) they (the Joachins) were going to perform some repair work in the home prior to moving into the home. The representative of Bowles & Associates expressed an understanding of this and explained that Bowles & Associates would obtain insurance for the Joachins based on their needs.[137]

The Joachins also allege that "Bowles & Associates told the Joachins that they had their best interest at heart and that they would find them appropriate insurance for their needs."[138]

While Louisiana law does not recognize a duty owed by an insurance agent to spontaneously advise or procure any specific type or amount of insurance coverage for a client,[139] there are some instances where an insurance agent can be held liable for failing to advise the client of recommended coverage.[140] In *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, the Fifth Circuit held that:

Under this scenario, an insurance agent is more than a "mere order taker" for the insured. His fiduciary duties include advising the client with regard to recommended coverage, investigating and ascertaining the financial condition of prospective companies, and notifying the insured of policy cancellations or terminations. Where an agent is familiar with the insured's business, has reason to know the risks against which an insured wants protection, and has experience with the types of coverage available in a particular market, we must construe an undertaking to procure insurance as an agreement by the agent to provide coverage for the client's specific concerns.[141]

The Fifth Circuit also stated that "[w]here an insurance broker has experience in a particular field, that broker should possess reasonable knowledge of the general types of policies available, understand their different terms, and explore the specific coverage available in the area in which

---

[137] Rec. Doc. 35 at 2–3.

[138] *Id.* at 3.

[139] *Isidore Newman School v. J. Everett Eaves Inc.*, 2009–2161 (La. 7/6/10); 42 So. 3d 352.

[140] *Offshore Prod. Contractors, Inc.*, 910 F.2d at 229–30.

[141] *Id.* at 230 (internal citations omitted).

[the client] seeks to be protected.  Proper diligence requires the insurance broker to 'canvass the market' and to be informed about different companies and variations in the available terms.'"[142]

Subsequent to the Fifth Circuit's holding in *Offshore Production*, the Louisiana Supreme Court decided *Isidore Newman Sch. v. J. Everett Eaves, Inc.*.[143]  In *Isidore Newman*, the plaintiff school sued its insurance agent because its insurance policy did not cover significant tuition losses it had incurred as a result of Hurricane Katrina.[144]  The Louisiana Supreme Court examined a line of state and federal cases in which courts had denied that an insurance agency had a duty to independently assess the needs of the client and advise the client regarding a specific type of coverage.[145]  The court ultimately held that the insurance agent at issue had no liability to the school because "it is well settled that the necessary coverages are best determined and calculated by the insured, who is charged with the primary responsibility to read the policy," and there was no evidence to suggest that the agent "had any way of knowing [about] the school's potential loss of business income."[146]

While some courts have questioned whether this holding overrules the Fifth Circuit's ruling in *Offshore Production*, other courts, including this Court, have found that the Louisiana Supreme Court's holding merely limits *Offshore Production* to a specific factual situations.[147]  These courts have determined that *Offshore Production* may still apply when an agent has reason

---

[142] *Id.* at 231.

[143] 2009-2161 (La. 7/6/10), 42 So. 3d 352.

[144] *Id.* at 353–56.

[145] *Id.* at 357–58.

[146] *Id.* at 358.

[147] *See Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.,* No. 12-1026, 2014 WL 12721449, at *1 (E.D. La. 2014)*; Hernandez v. State Farm Gen. Ins. Co.,* No. 13-5783, 2014 WL 1457813, at *3 (E.D. La. 2014); *Lightfoot v. Hartford Fire Ins. Co*., No. 07-4833, 2010 WL 11545223, at *4 (E.D. La. 2010).

to know that the client had a specific risk or requested coverage for specific circumstances.[148]

Even the Louisiana Supreme Court in *Isidore Newman* acknowledged that "[t]he courts have noted that 'the advice that an agent had an affirmative duty to give the insured' involved 'aspects of the policies ... that were not within the knowledge generally held by a lay person,' i.e., 'the agent's specific knowledge of the insured's individual situation triggered that duty to disclose.'"[149] The Louisiana Supreme Court then noted that part of its finding that the agent had not failed to exercise diligence was that "[t]he facts alleged do not suggest that [the agent] had any way of knowing the school's potential loss of business income."[150]

Here, the Joachins allege facts suggesting Bowles' knowledge of the Joachins' situation. In the amended third-party complaint, the Joachins allege that they told the Bowles representatives that they did not currently reside at the property and planned to make repairs before moving in. The Joachins do allege that they informed the Bowles representative that they needed a policy that would cover the Property in its state at that time. The Fifth Circuit's holding in *Offshore Production* also suggests that because the Joachins requested a Policy to fit their stated situation, as an experienced agent, Bowles was in a position to know that certain policies would not provide coverage if the Joachins were not actually residing at the Property. Thus, the Joachins plausibly pleaded that Bowles understood their situation and should have used reasonable diligence to procure a policy that would provide the Joachins with coverage for their property based on their expressed circumstances. Therefore, the Court will deny Bowles' motion to dismiss

---

[148] *Nola Ventures,* 2014 WL 12721449, at *1*; *Hernandez,* 2014 WL 1457813, at *3; *Lightfoot*, 2010 WL 11545223, at *4.

[149] *Isidore Newman School*, 42 So. 3d at 358 (quoting *Parker v. Lexington,* No. 06–4156, 2006 WL 3328041 (E.D. La. 2006)).

[150] *Id.*

the failure to exercise reasonable diligence claim.

## E. Whether the Joachins State a Claim for Negligence

Bowles argues that the Joachins fail to state a claim for negligence because they do not plead any facts alleging that Bowles owed the Joachins a duty.[151] Louisiana courts conduct a "duty-risk analysis" to determine whether a defendant is liable for negligence.[152] To prevail on a negligence claim, a plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant's conduct failed to conform to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the defendant's conduct caused actual damages.[153]

In the amended third party complaint, the Joachins allege that "Bowles & Associates was then obligated to procure and provide a correct insurance policy to the Joachins, who were then the obligees, said policy which would cover for unforeseen occurrences like a fire which could destroy their insured property."[154] The Joachins also allege that "Bowles & Associates breached its duty owed to the Joachins in failing to provide a proper policy of insurance based on the intent of the Joachins, and its described breach of that care in this complaint was the cause of the Joachin's [sic] damages."[155]

---

[151] Rec. Doc. 47-1 at 5–6.

[152] La. Civ. Code art. 2315; *Lemann v. Essen Lane Daiquiris, Inc*., 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corporation*, 94-0952 (La.11/30/94), 646 So.2d 318, 321); *see also Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014) (Vance, J.).

[153] *Lemann*, 923 So. 2d at 633.

[154] Rec. Doc. 35 at 5.

[155] *Id.*

Bowles argues that it did not have a duty to provide the Joachins with a specific type of insurance because Louisiana law places the burden on the client to ensure that he procures the insurance he needs.[156] As addressed above, the Louisiana Supreme Court's holding in *Isidore Newman* does place a burden on the insured to verify that the policy he procures meets his actual needs, but the Louisiana Supreme Court also acknowledged that if an agent has knowledge of an insured specific needs, then "'the advice that an agent had an affirmative duty to give the insured' involved 'aspects of the policies ... that were not within the knowledge generally held by a lay person,' i.e., 'the agent's specific knowledge of the insured's individual situation triggered that duty to disclose.'"[157] As analyzed *supra*, the Joachins allege enough facts to plead that Bowles was aware of the Joachins' specific situation and undertook an obligation to provide a policy that met these needs. The Joachins also allege that Bowles failed to provide such a policy and this failure was the cause of the Joachins' damages. Therefore, the Joachins plausibly state a claim for negligence and the Court will deny Bowles' motion to dismiss the negligence claim.

## V. Conclusion

Based on the foregoing, the Court has determined that the Joachins have not stated a breach of contract claim or claims for bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. Thus, the Court will dismiss these claims. The Joachins, however, have stated claims against Bowles for negligence, detrimental reliance, and failure to exercise reasonable diligence. Therefore, the Court will not dismiss these claims.

Accordingly,

---

[156] *Id.* at 3–4.

[157] *Isidore Newman School*, 42 So. 3d at 358 (quoting *Parker v. Lexington,* No. 06–4156, 2006 WL 3328041 (E.D. La. 2006)).

**IT IS HEREBY ORDERED** that Third-Party Defendant Bowles & Associates, Inc's. "Rule 12(b)(6) Motion to Dismiss"[158] is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that the breach of contract and bad faith claims are **DISMISSED WITH PREJUDICE**. The motion is denied regarding Third-Party Plaintiffs' remaining claims, namely negligence, detrimental reliance, and failure to exercise reasonable diligence.

**NEW ORLEANS, LOUISIANA,** this __18th__ day of July, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[158] Rec. Doc. 14.